[698 NYS2d 856]

In the Matter of CARLA P. RABINOWITZ (Admitted as CARLA PHILLIPPA RABINOWITZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 2, 1999

**APPEARANCES OF COUNSEL**

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Carla P. Rabinowitz,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Carla P. Rabinowitz was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on May 22, 1995, as Carla Phillippa Rabinowitz. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated July 27, 1998, the respondent sought to resign as an attorney and counselor at law in this State. The application was denied by order entered October 16, 1998. However, the Departmental Disciplinary Committee (Committee) commenced a *sua sponte* investigation into whether the respondent was incapacitated from the practice of law.

By motion dated August 25, 1999, the Committee seeks an order suspending respondent from the practice of law until further order of this Court, due to her failure to comply with the lawful demands of this Court and the Committee that she submit to a psychiatric examination.

On June 18, 1999, this Court ordered the respondent to submit to a psychiatric examination, and Marvin Bernstein, Esq., the Director of Mental Hygiene Legal Services, was appointed to represent her in the proceedings to determine the alleged incapacity. A qualified psychiatrist was subsequently retained. On July 13, 1999, the respondent made an interim application to stay the June 18th order so that she could retain private counsel. The stay was granted, but the respondent was directed to submit to a psychiatric examination before August 12, 1999. The respondent subsequently wrote to the Committee to request that she be examined by a former treating physician. The Committee responded that any examination would be in addition to, but not in lieu of, the Court ordered examination by the expert chosen by the Committee.

On August 13, 1999 and September 29, 1999, respondent made applications to this Court for a stay of the June 18th order, for the stated reason that she desired to obtain private counsel. Both applications were denied.

22 NYCRR 603.4 (e) (1) (i) authorizes the suspension of an attorney under investigation for failure to "comply with any lawful demand this court or the Departmental Disciplinary Committee made in connection with any investigation". This sanction is warranted here.

Accordingly, the Committee's motion to suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted, and respondent suspended from the practice of law, effective immediately, until such time as disciplinary

matters before the Committee have been concluded, and until further order of this Court.

Respondent's cross motion to transfer these proceedings to the Second Department for disposition and for related relief should be denied.

SULLIVAN, J. P., ROSENBERGER, NARDELLI, WILLIAMS and MAZZARELLI, JJ., concur.

Petition granted, respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as respondent complies with the prior orders of this Court, and until the further order of this Court, as indicated. Cross motion to transfer proceeding to the Second Department and for related relief denied.